16465.00421
**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**
**Christopher B. Block, Esq.**
**NJ Attorney ID# 014441996**
425 Eagle Rock Avenue, Suite 302
Roseland, NJ 07068
☎973-618-4100 🖷973-618-0685
cbblock@mdwcg.com
ATTORNEYS FOR DEFENDANTS – DOMINICK SACCI AND MATTHEW JACOBSON

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

** **ELECTRONICALLY FILED** **

| | |
|---|---|
| NICHOLAS V. TESTACCIO,<br>PLAINTIFF<br>v.<br>MTGLQ INVESTORS, L.P. DOMINICK SACCI, MATTHEW JACOBSON, GARY STITTGEN, SHELLPOINT MORTGAGE SERVICING PURCELL, KRUG & HALLER, SHARON DUNN, LEON P. HALLER,<br>DEFENDANTS | CASE NO.: 2:19-CV-06790-JMV-JBC<br><br>CIVIL ACTION<br><br>ANSWER ON BEHALF OF DEFENDANTS DOMINICK SACCI AND MATTHEW JACOBSON |

Defendant, Dominick Sacci and Mathew Jacobson, by way of Answer to the Complaint, states:

1. Admit only that on November 13, 2018, plaintiff placed a bid to purchase the home located at 189 Spur Road, Pocono Lakes, PA.

2. Deny.

3. Deny.

4. Deny.

5. Deny.

6. Deny.

7. Deny.

8. Deny.

9. Deny.

10. Deny.

11. Deny.

12. Deny.

13. Deny.

14. Deny.

15. Deny.

16. Deny.

17. Deny.

18. Deny.

19. Deny.

20. Deny.

21. Deny.

22. Deny.

23. Deny.

24. Deny.

25. Deny.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

31. Deny.

32. Deny.

33. Deny.

34. Deny.

35. Deny.

36. Deny.

37. Deny.

38. Deny.

39. Deny.

40. Deny.

41. Deny.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

46. Deny.

47. Deny.

48. Deny.

49. Deny.

50. Deny.

51. Admit that plaintiff signed an extension that expired on January 25, 2019. The remainder of this paragraph is left to plaintiff to prove.

52. Admit that plaintiff signed another extension that expired on February 22, 2019. Plaintiff is left to his proofs with regard to the remaining allegations.

53. Deny.

54. Deny.

55. Deny.

56. Admit that certain defendants were asked by plaintiff agent to allow an inspection of the property. The remaining allegations in this paragraph are denied.

57. Deny.

58. Deny.

59. Deny.

60. Deny.

61. Deny.

62. Deny.

63. Deny.

64. Deny.

65. Deny.

66. Deny.

67. Deny.

68. Deny.

69. Deny.

70. Deny.

71. Deny.

72. Deny.

73. Deny.

74. Deny.

75. Deny.

76. Deny.

77. Deny.

78. Deny.

79. Deny.

80. Deny.

81. Deny.

82. Deny.

83. Deny.

84. Deny.

## AFFIRMATIVE DEFENSES

1. Plaintiff is barred from recovery by comparative negligence, which negligence was greater than that of this defendant as set forth at N.J.S.A. 2A:15-5.1, et seq.

2. Plaintiff's damages, if any, are the result of their own contributory or comparative negligence.

3. Plaintiff's allegations fail to state a claim upon which relief can be granted under Rule 4:6-2(e).

4. Plaintiff has failed to join a party without whom this action cannot proceed.

5. Plaintiff's claims are barred by the Doctrine of Contributory Negligence.

6. Any adverse verdict against defendants will be reduced by the Collateral Source Rule, N.J.S.A. 2A:15-97.

7. Plaintiff's claims against this defendant is barred by one or more superseding causes.

8. The alleged damages sustained by plaintiff is the proximate result of the acts and/or omissions of parties over whom this defendant exercised no control.

9. The alleged occurrence was proximately caused solely by the actions and negligence of certain existing and/or future co-defendants, thereby precluding recovery against this defendant.

10. Plaintiff's claims are barred by their failure to prevent or mitigate the claimed damages.

11. Plaintiff's claims require expert testimony.

12. Defendant did not omit any material facts.

13. Plaintiff has not pled a claim for misrepresentation properly.

14. Plaintiff has not sufficiently pled a claim for misrepresentation with the required specificity.

15. Plaintiff's damages, if any, are a result of its own failure of due diligence.

16. Plaintiff has failed to conduct the appropriate due diligence in connection with its obligations in this commercial transaction.

17. Plaintiff failed to recently mitigate any damages with regard to the subject property.

18. Defendants, Dominick Sacci and Mathew Jacobson had no duty under the Pennsylvania Statue with regard to the allegations claimed by plaintiff.

19. Defendants, Dominick Sacci and Mathew Jacobson reserve the right to assert additional defenses as further investigation and discovery may demonstrate.

**DEMAND FOR STATEMENT OF DAMAGES**

Pursuant to Rule 4:5-2, defendant hereby demands that plaintiff furnish its attorneys with a statement of the amount of damages claimed for each claim asserted against this defendant within five (5) days from the service of this pleading.

**CROSSCLAIM FOR CONTRIBUTION**

Defendants hereby demand judgment of contribution against all existing and future co-defendants pursuant to the provisions of the New Jersey Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53(a)-1, et seq., as modified by the provisions of the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et seq.

**ANSWER TO ALL CROSSCLAIMS**

Answering defendants deny any and all crossclaims asserted against it.

**DEMAND FOR TRIAL BY JURY**

Pursuant to the FRCP, defendants demand a trial by jury as to all issues herein so triable.

**TRIAL COUNSEL DESIGNATION**

Christopher B. Block is hereby designated as trial counsel for defendants, Dominick Sacci and Mathew Jacobson.

**LOCAL R. 11.2 CERTIFICATION**

Pursuant to Local R. of Civ. Pro. 11.2, I certify that this matter is not the subject of any other action pending in any court, or any pending arbitration or administrative proceeding. I know of no other

parties which should be joined in this action.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**
*Attorneys for Defendants, Dominick Sacci and Matthew Jacobson*

By: _/s/Christopher B. Block_______
CHRISTOPHER B. BLOCK

DATED: 5/1/19

LEGAL/122340497.v1